# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-417-FDW

| | |
|---|---|
| FAITH HODGEPATH, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SUDAN, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner Frederick Banks' *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241, 2242, 18 U.S.C. 3332; and 50 U.S.C. § 1806(f) to Disclose FISA Electronic Surveillance." (Doc. No. 1). Petitioner Banks has moved to proceed *in forma pauperis*. (Doc. No. 4).

## I.  INTRODUCTION

The Petition is signed by Frederick Banks who alleges that he is a pretrial detainee at the Allegheny County Jail. The additional Petitioners are: Faith Hodgepath, Henry James Mason, R. Kelly, Frederick Banks, thousands of female human trafficking victims and sexual violence victims, Glen Jones, and six high schoolers. (Doc. No. 1 at 1). The named Respondents are: Sudan, RSF, University of North Carolina, State of Georgia, Chapel Hill Police Department, United States Attorney, FBI, FNU LNU (Warden, Henry County Jail), CIA, Maya Energy, Jimmy Ventura, Coke Industries, and Kingmond Nevada Police Department. (Id.).

Construing the Petition liberally, it raises the following claims (restated): (1) the warrant under which Banks was arrested was improperly sealed and returned and is not supported by probable cause, rendering it void and depriving the state court of jurisdiction; (2) the prosecutor

1

did not sign the indictment/information against Banks which deprives the state court of jurisdiction; (3) thousands of female human trafficking and sexual violence victims are being denied their liberty in massage parlor fronts in this District, Africa, and Atlanta; (4) Faith Hodgepath was raped and murdered at UNC Chapel Hill but the crime has not been adequately investigated and Hodgepath was under illegal FISA surveillance; (5) the CIA is illegally conducting remote electronic surveillance on high school students in Indiana who have opposed the construction of a recycling plant by Maya Energy next to their school, and Coke Industries may have enabled Jeffrey Epstein's illegal activities and participated in the CIA's harassment of U.S. prisoners; and (6) the Glen Jones car and house bombing and conspiracy to bomb a Bureau of Land Management building in Nevada was orchestrated and caused by CIA remote electronic harassment and surveillance. Banks claims "next friend" status as "self appointed acting agent for Petitioners" because he is similarly situated to the other Petitioners, has their interests in mind, and the other Petitioners are mentally and/or physically incapacitated and lack counsel. (Doc. No. 1 at 9). Banks seeks discharge from his confinement, the lifting of FISA surveillance, the appointment of counsel, a hearing, discovery, relief on behalf of the other Petitioners, and all other appropriate relief.

As a preliminary matter, Petitioner Banks is improperly seeking relief on behalf of others. The Petition is signed only by Banks who is unrepresented and incarcerated and is thus prohibited from representing anyone else. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see, e.g., Banks v. Stansberry, 2007 WL 2937550, at *1 (E.D.N.C. Apr. 2, 2007) (applying Oxendine to a § 2241 petition). Therefore, the Petition will be

2

dismissed as to all Petitioners except Banks.

Petitioner Banks has also failed to name the correct respondent. The proper respondent for habeas petitions is the person having custody over the petitioner. Rumsfeld v. Padilla, 542 U.S. 426 (2004). In the instant case, Petitioner Banks claims that he is a pretrial detainee in the Alleghany County Jail. The appropriate Respondent is therefore the Alleghany County Sheriff, who has not been named as a Respondent. Petitioner Banks has instead named a number of other Respondents who do not appear to be Petitioner's custodian and are thus extraneous to this action.

Even if Petitioner Banks had named the correct Respondent, the Petition would be subject to summary dismissal. Section 2241 provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him."[1] United States v. Tootle, 65 F.3d 381 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)); see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (§ 2241 applies to individuals who a state places in pretrial detention). Claims for habeas relief from pretrial detention are mooted by a subsequent conviction and sentence. See generally Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot"). Federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. Dickerson, 816 F.2d at 227.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court

---

[1] A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254(a). Petitioner is cautioned that § 2254 is governed by a statute of limitations and other procedural requirements.

should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Courts should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44 (citation omitted). Abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The first prong of the test is satisfied because Petitioner alleges that he is currently detained pending disposition of state criminal charges. The second prong is satisfied because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Petitioner Banks has demonstrated no narrow and extraordinary circumstances that would warrant consideration of his § 2241 petition at this time. Accordingly, the Petition is subject to summary dismissal. See Younger, 401 U.S. at 43-44; see, e.g., Feaster v. Mueller, 2018 WL 3548682, at *2 (D.S.C. July 24, 2018) (dismissing § 2241 petition due to Younger abstention).

The other provisions that Petitioner Banks cites, 28 U.S.C. § 2242 (addressing the requirements of a § 2241 habeas application), 18 U.S.C. 3332 (addressing grand jury powers and duties); and 50 U.S.C. § 1806(f) (addressing in camera review of foreign intelligence surveillance

4

electronic surveillance), provide no basis for relief.

For all the foregoing reasons, the instant Petition will be dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner Banks' Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 4), is **GRANTED**.

2. The "Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241, 2242, 18 U.S.C. 3332; and 50 U.S.C. § 1806(f) to Disclose FISA Electronic Surveillance." (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2) (a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: April 13, 2020

Frank D. Whitney
Chief United States District Judge